IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-114-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LATORIA DENISE RICHARDSON ) | |
| ) | |
| _____ ) | |

This matter is before the Court on defendant's *pro se* "Notice of Removal" of Wake County Superior Court cases 12CR226617 and 12CR770288 – State of North Carolina, Wake County v. Latoria Richardson. [DE 1]. Defendant refers to herself throughout her filings as LaToria D. Bey.

When a defendant in a state criminal case seeks to remove the prosecution to federal court, she must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). The Court "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

"[F]ederal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quotation omitted). Federal law strictly limits the circumstances under which a litigant may remove a case from state court to federal court. *See* 28 U.S.C. §§ 1441–1453; *see also Mulcahey v. Columbia Organic*

*Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."). The burden of establishing federal jurisdiction rests with the party seeking removal. *Mulcahey*, 29 F.3d at 151.

Here, defendant has not carried her burden of establishing federal jurisdiction. Of the federal removal statutes, only three – 28 U.S.C. §§ 1442, 1442a, and 1443 – provide for removal of state criminal cases. *See* 28 U.S.C. §§ 1441–1453. Defendant has not satisfied the conditions of these three statutes because the instant notice of removal and its attachments lack allegations that defendant acted as or assisted a federal official (§ 1442), is a member of the armed forces (§ 1442a), or faces denial of racial equality (§ 1443). *See Crawford v. Maryland*, 4 F.3d 984 (table), full text available at 1993 U.S. App. LEXIS 24711, at *1 (4th Cir. Sept. 24, 1993) (unpublished) ("[W]e find that the petition for removal [under § 1443(1)] was without substantive merit because it contemplated broad contentions under generally applicable constitutional rights, rather than 'any law providing for specific civil rights stated in terms of racial equality'" (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966))); *Florida v. Simanonok*, 850 F.2d 1429, 1430 n.1 (11th Cir. 1988) ("Clearly, the party seeking removal [under § 1442a] must also be a member of the armed forces"); *North Carolina v. Carr*, 386 F.2d 129, 131 (4th Cir. 1967) (observing that the "purpose of [§ 1442] is to take from the State courts the indefeasible power to hold an officer or agent of the United States criminally or civilly liable for an act allegedly performed in the execution of any of the powers or responsibilities of the Federal sovereign"). Indeed, defendant's notice fails to set forth any specific grounds for removal other than to say that her prosecution and arrest is largely unconstitutional.

Accordingly defendant's notice of removal is DENIED and this matter is summarily REMANDED to Wake County Superior Court. 28 U.S.C. § 1455(b)(4).


SO ORDERED, this __21__ day of July, 2014.

                                          *Terrence Boyle*
                                          TERRENCE W. BOYLE
                                          UNITED STATES DISTRICT JUDGE